MAINE SUPREME JUDICIAL COURT                              Reporter of Decisions
Decision:      2014 ME 152
Docket:        Yor-14-27
Submitted
 On Briefs:  December 1, 2014
Decided:       December 31, 2014

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

BOBBIE JO (AL JABER) BARROW et al.

v.

ALAA M. AL JABER

HJELM, J.

[¶1]  Alaa M. Al Jaber appeals from an order entered by the District Court (Springvale, *Darvin, J.*), extending the duration of a previous order for protection from abuse for the benefit of Bobbie Jo (Al Jaber) Barrow and the parties' minor children.  Contrary to Al Jaber's contentions, the record supports the court's finding that there was sufficient cause for the court to extend the duration of the protection order.  *See* 19-A M.R.S. § 4007(2) (2014).  Further, neither the proceedings nor the order violated Al Jaber's rights to substantive and procedural due process.  *See In re A.M.*, 2012 ME 118, ¶¶ 15-16, 55 A.3d 463; 19-A M.R.S. § 4006(6) (2014); 19-A M.R.S. § 4007(6) (2014); M.R. Civ. P. 55(a).

[¶2]  Although we dispose of Al Jaber's claims summarily, we write to reiterate that it is the responsibility of incarcerated litigants, such as Al Jaber, to

initiate a request for arrangements to participate in court hearings. Here, Al Jaber received notice of the hearing on Barrow's motion to extend the duration of the existing protection order. He did not, however, request any arrangements that would have allowed him to participate at the hearing, although he filed written submissions prior to the hearing. There exist avenues that allow a party to participate meaningfully in a court hearing from remote locations, upon motion or a showing of good cause, and when any proper safeguards, if needed, can be imposed. *See, e.g.,* M.R. Civ. P. 43(a); *In re A.M.*, 2012 ME 118, ¶ 20, 55 A.3d 463 ("When a [party] is known to be incarcerated in advance of a hearing, the court must, upon request by the [party], provide a meaningful opportunity for the [party] to participate in the hearing whether in person, by telephone or video, through deposition, or by other means that will reasonably ensure an opportunity for the [party] to be meaningfully involved in the hearing."). Although the court is authorized to allow such participation on its own motion, the otherwise unavailable party bears the responsibility to initiate contact with the court to make that interest known. *See* M.R. Civ. P. 43(a); *In re A.M.*, 2012 ME 118, ¶ 20, 55 A.3d 463.

The entry is:

Judgment affirmed.

**On the briefs:**

Alaa M Al Jaber, pro se appellant

James M. Amendolara, Esq., Caring Unlimited, Inc., Saco, for appellee Bobbie-Jo (Al Jaber) Barrow

Springvale District Court docket number PA-2011-403
FOR CLERK REFERENCE ONLY